IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John W. Miller,<br><br>    Plaintiff,<br><br>vs.<br><br>Rosemary Sanders, Sgt. Officer,<br>Paula Brodie, Nurse,<br><br>    Defendants. | Civil Action No. 6:11-210-TLW-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The plaintiff is proceeding in this action *pro se*. On June 10, 2011, defendant Paula Brodie filed a motion for summary judgment. On July 1, 2011, defendant Rosemary Sanders filed her motion for summary judgment. On June 13 and July 5, 2011, respectively, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the defendants' motions.

  As the plaintiff is proceeding *pro se*, the court filed a second order on September 22, 2011, giving the plaintiff through October 17, 2011, to file his response to the motions for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The September 22nd order was returned as undeliverable on September 30, 2011.

  A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v.*

*Carlson*, 882 F.2d 93, 95 (4th Cir.1989).  In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions.  It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed.  Meanwhile, the defendants are left to wonder when the action against them will be resolved.  The plaintiff has not responded to the defendants' motions for summary judgment or the court's order requiring him to respond.  Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit.  No other reasonable sanctions are available.  Furthermore, the record reveals that the plaintiff was advised by order dated February 18, 2011, of his responsibility to notify the court *in writing* if his address changed.  He has failed to do so.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action.  Accordingly, it is recommended that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  *See Ballard*, 882 F.2d at 95.

October 20, 2011                               s/Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge