IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John W. Miller, ) | |
| ) | Civil Action No. 6:11-210-TLW-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Rosemary Sanders, Sgt. Officer, ) | |
| Paula Brodie, Nurse ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motions for summary judgment (doc. 25, 35). In his complaint, the plaintiff, who is proceeding *pro se*, alleges that the defendants violated his constitutional rights while he was an inmate at the Berkeley County Detention Center ("BCDC").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

On June 10, 2011, defendant Brodie filed a motion for summary judgment. On June 13, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff did not file a timely response. On July 1, 2011, defendant Sanders filed a motion for summary judgment. Another *Roseboro* order was issued on July 5, 2011. The plaintiff did not file a timely response. Accordingly, this court issued an order on September 22, 2011, giving the plaintiff through October 17, 2011, to file his response to the motions. The plaintiff was specifically advised that if he failed to file a response, the action was subject to dismissal

for failure to prosecute. The plaintiff did not file a timely response. On October 17, 2011, this court issued a report and recommendation that the case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). On November 3, 2011, the plaintiff filed a document captioned as an "answer." The Honorable Terry L. Wooten, United States District Judge, construed the document as a response to the motions for summary judgment and, on December 9, 2011, remanded the case to the undersigned for further consideration in light of the plaintiff's response.

## **FACTS PRESENTED**

The plaintiff names as defendants Rosemary Sanders, an officer working at the BCDC, and Paula Brodie, whom the plaintiff alleges was a nurse working at the BCDC. He seeks $100,000 in damages (comp. at 7).

During the time period covered by the complaint, the plaintiff was a Family Court detainee at the BCDC, serving time for violation of a Family Court order regarding child support. He was brought to the BCDC on October 13, 2010, where he completed an Inmate Medical Questionnaire (Sanders m.s.j., ex. A). On his questionnaire, the plaintiff was asked about any medical problems the BCDC should know about, to which he responded "pacemaker, heart attack (90's), stroke (90's)." He also advised that he was on medication, but did not list the medications (*id.*).

As the plaintiff was a Family Court detainee, he was responsible for his own medication (Sanders m.s.j., ex. C, Sue Brabham aff.¶ 10). The plaintiff was aware of this policy and brought medication in with him. When the plaintiff ran low or ran out of medication, his family would mail him additional medication (*id.* ¶ 11). The plaintiff was on medication for diabetes and was also given a blood thinner medication and blood pressure medication (*id.* ¶ 12). According to Nurse Brabham, the only time the plaintiff was not given medication was when he ran out of the medication he was responsible for providing (*id.* ¶ 13).

Throughout the course of his detainment, the plaintiff had four medical episodes related to diabetes. On one occasion, he was observed to have problems with confusion or slurred speech. He was taken to the front of the jail, given orange juice, and monitored until his blood sugar was under control (Sanders m.s.j., ex. D). On three other occasions, EMS was called and monitored the plaintiff until his blood sugar stabilized. The plaintiff was not transported on any of these occasions (Sanders m.s.j., ex. E).

The plaintiff never filed any complaints or grievances concerning the jail conditions. On January 20, 2011, the plaintiff was released from detention. As of the day of his release, he was granted an additional 25 days credit for his work performance (def. m.s.j., ex. F).

Defendant Brodie states in her motion for summary judgment that she was employed by the Hope Clinic, pursuant to which she provided nursing services at the BCDC, from October 25, 2007, through September 30, 2010, and thus she did not work at the BCDC during the time the plaintiff was an inmate there. She also submitted a letter from the Hope Clinic verifying her dates of employment (Brodie m.s.j., ex. A).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

### *Defendant Brodie*

The plaintiff does not address defendant Brodie's argument and evidence that she was not working at the BCDC during the time of the events he alleges in his complaint. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). Accordingly, defendant Brodie's motion for summary judgment (doc. 25) should be granted.

4

***Medical Indifference***

The plaintiff alleges that the defendants did not provide him with medication on certain days. The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id*. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106. Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir.2010) (internal quotation marks and citation omitted).

In order to state a claim, "[a] plaintiff must satisfy two elements ...: he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir.1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir.1990). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."

5

*Farmer v. Brennan*, 511 U.S. 825, 835 (1994). *See also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996) (noting that "the subjective component requires proof of more than mere negligence but less than malice").

During regular business hours, there is a nurse on duty at the BCDC (Brabham af. ¶ 2). The nurse is on call on weekends for minor medical care, and she is notified if there is an incident or an inmate in need of care (*id.* ¶ 5). If there is an emergency at the BCDC, the detention officers call EMS to transport the inmate to the hospital (*id.* ¶ 6). The nurse is also notified of this (*id.*). Inmate medications are placed into envelopes with the inmate's name and cell number on them (*id.* ¶ 7). The staff who hand out medication signs off on the medication log when the medication is provided (*id.* ¶ 8). If an inmate refuses his medication, that is also documented (*id.* ¶ 8). Nurse Brabham, a registered nurse at the BCDC, is familiar with inmate Miller (*id.* ¶ 9). As he was a Family Court detainee, he was responsible for his own medication, which he brought with him at the beginning of his incarceration (*id.* ¶ 10). When he ran low on medication, his family would supply him with more through the mail (*id.* ¶ 11 ). He received medication twice daily, and the only time that the plaintiff was not given his medication was when he had run out and his family had not provided him with refills (*id.* ¶ 13).

Defendant Sanders has provided the court with evidence that the only time the plaintiff was not provided medicine was when there was no medicine (which was to be supplied by him or his family) to provide (*id.* ¶13). On the four occasions when his blood sugar ran low, immediate assistance was given, and the plaintiff was never in need of transport to the hospital (Sanders m.s.j., ex. D, E). In his response in opposition to the motion for summary judgment, the plaintiff failed to raise any issues of material fact on his medical claims to refute the evidence set forth by the defendants. The plaintiff has failed to show the defendants were deliberately indifferent to his serious medical needs, and, accordingly, dismissal is appropriate.

***Remaining Allegations***

The remaining claims made by the plaintiff in his complaint are: (1) he had to sleep on the floor and share cells with violent offenders; (2) he was denied hygiene products to keep a "clean groom"; (3) he was asked to work outside detail without payment; (4) the light fixtures were infested with spiders; (5) the vents were clogged with mold and dust causing inmates to get sick; and (6) while on a work detail, a trash can the plaintiff was carrying fell over on top of him requiring EMS to be called.

Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Id.* (citing *Bell,* 441 U.S. at 537). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)). Here, the plaintiff has failed to show that the defendants failed to provide him with humane conditions of confinement or that he suffered any actual injury as a result of the alleged conditions of his confinement. *Green v. DeWitt*, 2010 WL 5390015, at *3 (D.S.C. Nov. 1, 2010).

The plaintiff sets forth these broad allegations in his complaint, but does not set forth specific facts to support his claims and has also not shown how any of these allegations caused him injury for which the defendant is responsible. On his response in opposition to summary judgment, the plaintiff addresses only the medical claim and

provides no argument or evidence supporting these claims. Accordingly, summary judgment should be granted as to the plaintiff's remaining claims.

### *Qualified Immunity*

As an additional ground for dismissal, the defendants in their individual capacities are entitled to qualified immunity as described in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and its progeny, as their conduct did not violate any constitutional right of the plaintiff.

### *State Law Claims*

Having found that the defendants are entitled to summary judgment regarding the plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief asserted pursuant to state law. See 28 U.S.C. § 1367(c) (3).

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the defendants' motions for summary judgment (doc. 25, 35) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

December 13, 2011
Greenville, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).